UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ERNESTO MACKEY, CDCR #1595-8<br><br>Plaintiff,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No.: 3:20-cv-00931-GPC-KSC<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) OR FILE A MOTION TO PROCEED IN FORMA PAUPERIS** |

David Ernesto Mackey ("Plaintiff"), a mentally disordered offender currently involuntarily committed at Coalinga State Hospital, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. Section 1983. (*See* ECF No. 1, at 4.) Plaintiff has not prepaid the filing fees required by 28 U.S.C. Section 1914(a) or filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a).

**I.     Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).  This is a requirement of the Prison Litigation Reform Act ("PLRA"), which applies to "prisoner[s]," defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  A "civil detainee" is not a "prisoner" within the meaning of the PLRA.  *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Act ceased being a "prisoner" for PLRA purposes when he was released from custody by the Department of Corrections); *Moreno v. Beebe*, No. 15-cv-2913 LAB (WVG), 2016 WL 1045963, at *2 (S.D. Cal. Mar. 15, 2016) ("Because Plaintiff is involuntarily detained at [Coalinga State Hospital] as a result of having been involuntarily committed as a mentally disordered offender he does not currently qualify as a 'prisoner' as defined by 28 U.S.C. § 1915(h), and the filing fee provisions of 28 U.S.C. § 1915(b) do not appear applicable to this case." (citing *Page*, 201 F.3d at 1140)).

Because Plaintiff appears to be involuntarily committed as a mentally disordered

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

offender at Coalinga State Hospital, he is not a "prisoner" as defined by 28 U.S.C. Section 1915(h).  Nevertheless, Plaintiff must either prepay the $400 in filing and administrative fees required to commence this civil action or submit a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) and Southern District of California Civil Local Rule 3.2(a), which requires non-prisoner pro se plaintiffs to provide "a statement of all assets which shows inability to pay initial fees or give security . . . ."  Until Plaintiff does so his case cannot proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. Section 1914(a) and Section 1915(a); and

(2) **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes an affidavit that complies with S.D. Cal. Civ. L.R. 3.2(a).  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."  If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy the fee requirements of 28 U.S.C. Section 1914(a) and without further Order of the Court.

**IT IS SO ORDERED.**

Dated:  May 22, 2020

Hon. Gonzalo P. Curiel
United States District Judge