UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ERNESTO MACKEY, CDCR #C-56761<br><br>                              Plaintiff,<br><br>      v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA; WILLIAM D. MUDD, Judge Dept. 19; JEFFREY F. FRASER, Judge of the Superior Ct.; AMALIA L. MEZA, Judge of the Superior Ct.; CRAIG N. TEOFILO, Psy. D., Psychologist/Psychiatric,<br><br>                            Defendants. | Case No.: 3:20-cv-00931-GPC-KSC<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. SECTION 1915(a) [ECF No. 3];**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. SECTION 1915(e)(2)(B)(ii)** |

David Ernesto Mackey ("Plaintiff"), a mentally disordered offender currently civilly committed at Coalinga State Hospital pursuant to California Penal Code Section 2972, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. Section 1983. (*See* ECF No. 1, at 4, 50-52.) Plaintiff has not prepaid the filing fees required by 28 U.S.C. Section 1914(a); instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a). (*See* ECF No. 3.)

## I.      Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).  This is a requirement of the Prison Litigation Reform Act ("PLRA"), which applies to "prisoner[s]," defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  A "civil detainee" is not a "prisoner" within the meaning of the PLRA.  *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Act ceased being a "prisoner" for PLRA purposes when he was released from custody by the CDCR); *Moreno v. Beebe*, No. 15-cv-2913 LAB (WVG), 2016 WL 1045963, at *2 (S.D. Cal. Mar. 15, 2016) ("Because Plaintiff is involuntarily detained at [Coalinga State Hospital] as a result of having been involuntarily committed as a mentally disordered offender he does not

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

2

3:20-cv-00931-GPC-KSC

currently qualify as a 'prisoner' as defined by 28 U.S.C. § 1915(h), and the filing fee provisions of 28 U.S.C. § 1915(b) do not appear applicable to this case." (citing *Page*, 201 F.3d at 1140)).

Because Plaintiff is civilly committed as a mentally disordered offender at Coalinga State Hospital, he is not a "prisoner" as defined by 28 U.S.C. Section 1915(h), and the filing fee provisions of 28 U.S.C. Section 1915(b) are not applicable to this case. *See Page*, 201 F.3d at 1140. Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain a civil action. *See* S.D. Cal. Civ. L.R. 3.2(d). Accordingly, Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) is **GRANTED**. (*See* ECF No. 3.)

**II.    Screening Pursuant to 28 U.S.C. Section 1915(e)(2)(B)**

A. Standard of Review

A complaint filed by *any* person proceeding IFP is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (explaining that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners . . . ." (citation omitted)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil

rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

### B. Factual Allegations

Plaintiff was convicted of forcible rape in state court in 1994 and sentenced to a term of incarceration of 25 years by Defendant Judge William D. Mudd. (*See* Compl. at 12.) On November 25, 2010, Plaintiff received a certificate of discharge from the California Department of Corrections and Rehabilitation ("CDCR"). (*See id.* at 14.) Plaintiff alleges that by that time he had been incarcerated for several years beyond the 25 year term to which he was sentenced, and that he ultimately served 27.5 years. (*See id.* at 3.) Since being discharged from CDCR's custody, Plaintiff has been involuntarily committed as a mentally disordered offender pursuant to California Penal Code Section 2972. (*See, e.g.*, *id.* at 3, 38.) The commitment orders were apparently based on the testimony of court-appointed psychologists including Defendant Craig Teofilo, whom Plaintiff suggests wrongly diagnosed Plaintiff with schizophrenia and opiate abuse based on a short interview. (*See id.* at 4.) Plaintiff also takes issue with the conclusion of a non-party, Dr. Johnson, that he poses a substantial danger of physical harm to others if he is released. (*See id.*)

Plaintiff is currently subject to a one-year commitment order running from

November 25, 2019 to November 25, 2020. (*See id.* at 3.) Plaintiff argues that this commitment order and its predecessors were "rubber stamp[ed]" by the Superior Court, including Defendant Judge Amalia Meza, and must be set aside because there is insufficient evidence that Plaintiff poses a substantial risk of physical harm to others. (*See id.* at 4 (emphasis omitted).) Plaintiff previously filed a petition for writ of habeas corpus in state court challenging his commitment and seeking compassionate release on the grounds that he suffers from an unspecified "illness that would likely produce death within six months." (*See id.* at 50-51.) Defendant Judge Jeffrey F. Fraser denied the petition, concluding that Plaintiff's continued commitment was valid, and holding that the Court lacked jurisdiction to order compassionate release. (*See id.* at 52-53.)

Plaintiff seeks substantially the same relief in this action as he sought in his state habeas proceedings. He argues that his continued commitment is invalid and unconstitutional because there is insufficient evidence that he poses a substantial risk of physical harm to others. (*See id.* at 4-5.) Additionally, Plaintiff argues that he was misdiagnosed as schizophrenic, did not abuse opiates, and does not have any other disorders that impair his thoughts, perceptions, judgment, or behavior. (*See id.* at 4.) He also takes issue with the conclusions of his psychologists that he does not take his prescribed medication or bathe regularly. (*See id.* at 6.) Plaintiff seeks unconditional release from custody on these bases or a compassionate release on account of a lung cancer diagnosis in late 2019. (*See id.* at 3-5.) Additionally, Plaintiff seeks $250 million in damages, $350,000 in punitive damages, and $350,000 for each year he has been committed or incarcerated past his 25-year sentence. (*See id.* at 9.)

C. Analysis

Plaintiff's Complaint must be dismissed primarily because the proper vehicle for a federal challenge to his continued civil commitment is a petition for writ of habeas corpus under 28 U.S.C. Section 2254 after he has exhausted his state remedies, not a civil rights action pursuant to 42 U.S.C. Section 1983. A civil rights lawsuit under Section 1983 is the proper way to challenge the conditions of confinement, while a habeas corpus action

is the proper way to challenge the fact or duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973). "Civilly committed persons" like Plaintiff "may pursue habeas relief under 28 U.S.C. § 2254 to challenge their involuntary civil commitment." *Swinger v. Harris*, No. CV 16-05694-JVS (DFM), 2016 WL 4374941, at *2 (C.D. Cal. Aug. 12, 2016) (citing *Duncan v. Walker*, 533 U.S. 167, 176 (2001)); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("[D]etainees under an involuntary civil commitment scheme . . . may use a § 2254 habeas petition to challenge a term of confinement."). As a result, "Plaintiff's sole remedy for invalidating his [mentally disordered offender] confinement and obtaining release from [Coalinga State Hospital] is a habeas petition." *Swinger*, 2016 WL 4374941, at *2; *see also Howell v. California*, No. 1:18-cv-01179-BAM (PC), 2019 WL 3066385, at *2 (E.D. Cal. July 12, 2019) ("Insofar as Plaintiff seeks to challenge his commitment to the Atascadero State Hospital, the exclusive method by which to do so is to file a petition for writ of habeas corpus after he has exhausted his state remedies." (citing *Preiser*, 411 U.S. at 500)).

Setting this ground for dismissal aside, Plaintiff's claims for damages for his continued commitment and alleged incarceration beyond his sentence are barred for several additional reasons. First, to the extent Plaintiff seeks damages for the periods during which he was civilly committed, those claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a prisoner cannot state a claim for damages under Section 1983 if a finding in the plaintiff's favor would "necessarily imply" the invalidity of his conviction or sentence, unless his conviction or sentence has already been invalidated. *See id.* at 487. This rule also applies to claims that necessarily imply the invalidity of civil commitments because civilly committed individuals like Plaintiff are "in custody" and thus may seek to overturn their commitment through a petition for writ of habeas corpus. *See Huftile*, 410 F.3d at 1139-40. Plaintiff claims that he is in custody pursuant to a civil commitment order that has not yet been invalidated. Thus, unless Plaintiff successfully challenges his

commitment in state court or by a federal habeas petition under 28 U.S.C. Section 2254, he cannot state a claim for damages for that commitment under Section 1983. *See Heck*, 512 U.S. at 487. Second, to the extent Plaintiff seeks damages for the period that he was allegedly incarcerated beyond his sentence (but before he was released and civilly committed), those claims may also be barred by *Heck*. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (explaining that the Supreme Court's post-*Heck* cases "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to the conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement *or its duration*." (first emphasis in original, second emphasis added)); *but see Nonnette v. Small*, 316 F.3d 872, 876 (9th Cir. 2002) (explaining a potential exception to *Heck*'s bar for claims that challenge the duration of incarceration after the plaintiff is released from custody). Even if *Heck* does not bar claims for damages for that period, however, Plaintiff has nonetheless failed to allege a necessary element of this claim—which, if any, of the Defendants caused this alleged violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (requiring a showing that a defendant proximately caused a deprivation of a federally-protected right to state a Section 1983 claim).

Finally, Plaintiff's damages claims against "the People of the State of California" and three judges fail due to the application of two immunity doctrines. Any damages claim against "the People of the State of California" is barred because "the Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens . . . absent consent to the filing of such suit." *See Hudson v. California*, No. 19-cv-03881-SI, 2019 WL 5864598, at *1 (N.D. Cal. Nov. 8, 2019) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985)). Plaintiff's claims against three judges, which focus on judicial actions taken in Plaintiff's underlying criminal, civil commitment, and state habeas proceedings, are also barred, this time by absolute judicial immunity. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.

3:20-cv-00931-GPC-KSC

1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts."); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ("It is well settled that judges are generally immune from civil liability under section 1983." (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). Although Plaintiff alleges that the Defendant Judges acted erroneously or even maliciously, he does not allege that they took any non-judicial actions or acted clearly outside their jurisdiction. As a result, these claims are also fail.

D. <u>Leave to Amend</u>

As explained, the Court finds that Plaintiff's Complaint is subject to dismissal in its entirety. Although the Court is skeptical that Plaintiff can cure the deficiencies in his Complaint identified above, because Plaintiff is proceeding pro se and has now been provided with "notice of the deficiencies in his complaint" for the first time, the Court will grant Plaintiff leave to amend to cure those deficiencies, if he can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

**III. Conclusion and Orders**

For the reasons set forth above, the Court hereby:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 3);

2) **DISMISSES** Plaintiff's Complaint (ECF No. 1) for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B); and

3) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an amended complaint which cures the deficiencies noted above. Plaintiff's amended complaint, if he chooses to file one, must be complete by itself without reference to the original Complaint. Defendants not named and claims not re-alleged in

the amended complaint will be considered waived.  See S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Marciopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B) and his failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

This order or a subsequent order dismissing this action for failure to prosecute shall be without prejudice to Plaintiff's right, if he chooses, to challenge his continued civil commitment by filing a petition for writ of habeas corpus after exhausting state remedies pursuant to 28 U.S.C. Section 2254.  If Plaintiff wishes to challenge his continued civil commitment in this manner, he must file a petition for writ of habeas corpus in a new civil action which will be given a new civil case number, not as an amended pleading in this case.

**IT IS SO ORDERED**.

Dated:  August 18, 2020

Hon. Gonzalo P. Curiel
United States District Judge